| | |
|---|---|
| OCEANS ONE ELEVEN, LLC, <br> BOAZ SINGERSON, <br> and AMIT P. DERHY, <br><br> Plaintiffs, <br> v. <br><br> BEACH MART, INC; <br> ISRAEL GOLASA, <br> and MAYON GOLASA, <br><br> Defendants. | O R D E R |

This matter is before the Court on four motions: (1) Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaims; (2) Plaintiffs' Motion to Strike; (3) Defendants' Motion for Summary Judgment; and (4) Defendants' Motion to Strike. For the reasons stated below, Plaintiffs' Motion for Summary Judgment is MOOT, Plaintiffs' Motion to Strike is DENIED, Defendants' Motion for Summary Judgment is GRANTED, and Defendants' Motion to Strike is DENIED.

I. SUMMARY OF THE INSTANT DISPUTE

Plaintiffs Boaz Singerson ("Singerson") and Amit P. Derhy ("Derhy") used to work for Defendant Beach Mart, Inc. ("Beach Mart"). Singerson quit after a falling out with the owner of Beach Mart, Defendant Israel Golasa ("I. Golasa"). A few months later, Derhy was fired, and Derhy and Singerson (hereinafter collectively "Plaintiffs") started a store called Oceans One

Eleven, LLC ("Oceans One Eleven") selling beach goods approximately a half mile from a Beach Mart store location.

Plaintiffs allege that I. Golasa and his son, Mayon "Manny" Golasa ("M. Golasa") contacted vendors and told them that Beach Mart would withdraw its business if the vendor sold to Plaintiffs. Plaintiffs claim that their business suffered as a direct result of this because variety is required in the beach goods business. Oceans One Eleven ultimately went out of business in October 2007.

Plaintiffs filed a Complaint on March 19, 2007, alleging: (1) violations of the Sherman Act; (2) Combinations in Restraint of Trade; (3) Unfair and Deceptive Trade Practices; and (4) Tortious Interference With Contract. On November 26, 2007, after multiple motions for extension of time, Defendants filed their Answer. On May 11, 2008, Plaintiffs filed a Motion for Summary Judgment and on May 16, 2008, Plaintiffs filed a Motion to Strike. Defendants filed a Motion for Summary Judgment on May 12, 2008, and filed a Motion to Strike on June 25, 2008. These motions are now before the court.

II. PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT

Plaintiffs' Motion for Summary Judgment is MOOT because this Court dismissed Defendants' Counterclaims in an Order dated May 20, 2008.[1]

III. PLAINTIFFS' MOTION TO STRIKE

Plaintiffs' Motion to Strike is DENIED because Defendants' Exhibits satisfy the criteria

---

[1] D.E. 95.

-2-

for unsworn testimony.[2] Due to the fact that none of the exhibits should be stricken, none of the memorandum of law is inappropriate. Therefore, Plaintiffs' Motion to Strike is DENIED.

IV.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants' Motion for Summary Judgment is GRANTED. Plaintiff's Complaint set forth four claims: (1) Sherman Act; (2) Combinations in Restraint of Trade; (3) Unfair and Deceptive Trade Practices; and (4) Tortious Interference with Contract.

### A.  Sherman Act Claims[3]

Defendants' Motion for Summary Judgment is GRANTED as to Plaintiffs' Sherman Act claims because Plaintiffs failed to show that Defendants had market power. Pursuant to this Court's Order dated November 8, 2007,[4] the "rule of reason" standard applies when determining whether Defendants' alleged actions constitute "unreasonable" restraints on trade.[5] "A threshold

---

[2]The requirements for unsworn testimony in satisfaction of FED. R. CIV. P. 56(e)'s affidavit requirement are: (1) the words "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct;" (2) the date; and (3) the declarant's signature. 28 U.S.C. § 1746. *See Lumoa v. Potter*, 351 F.Supp.2d 426, 432 (M.D.N.C. 2004)(holding that authentication under 28 U.S.C. § 1746 was sufficient to satisfy FED. R. CIV. P. 56(e)). Each of Defendants' exhibits satisfied these three requirements.

[3]Note that the Sherman Act claims against Defendants I. Golasa and M. Golasa were dismissed pursuant to an Order dated November 6, 2007, and only remain as to Defendant Beach Mart.

[4]D.E. 51.

[5]November 8, 2007, Order (citing *Murrow Furniture Galleries, Inc. v. Thomasville Furniture Industries, Inc.*, 889 F.2d 524, 527 (4th Cir. 1989) and *Continental T.V. v. GTE Sylvania*, 433 U.S. 36, 49 (1977)).

Case 2:07-cv-00008-BO   Document 113   Filed 10/16/08   Page 3 of 9

inquiry in any Rule of Reason case is whether the defendant had market power."[6] Plaintiffs have not presented any evidence that Defendants have market power. Therefore, because Plaintiffs failed to provide an answer the threshold inquiry of market power, Defendants' Motion for Summary Judgment is GRANTED.

### B. Combinations in Restraint of Trade (N.C. Gen. Stat. § 75-1) and Unfair and Deceptive Trade Practices (N.C. Gen. Stat. § 75-1.1)

Both parties concede that the Sherman Act claims and the N.C. Gen. Stat. §§ 75-1 and 75-1.1 claims are based entirely on the same allegations. Accordingly, because summary judgment is GRANTED as to Plaintiffs' Sherman Act claims, Defendants' Motion for Summary Judgment is GRANTED as to Plaintiffs' Combinations in Restraint of Trade and Unfair and Deceptive Trade Practices claims.

### C. Tortious Interference With Contract

Because Plaintiffs failed to show that a valid contract existed, Defendants' Motion for Summary Judgment is GRANTED. Without the existence of a valid contract, there can be no tortious interference with contract.[7] Plaintiffs have alleged facts that show evidence of bargaining and offers to purchase, but have not provided anything that establishes the existence of a contract with any of the vendors they allege were interfered with. Therefore, Defendants'

---

[6]*Murrow Furniture Galleries, Inc. v. Thomasville Furniture Indus., Inc.*, 889 F.2d 524, 527 (4th Cir. 1989)(citing *Valley Liquors v. Renfield Imp.*, 822 F.2d 656, 666 (7th Cir.), *cert denied*, 484 U.S. 977 (1987)).

[7]*See Childress v. Abeles*, 240 N.C. 667, 84 S.E.2d 176 (1954)(holding that all five of the following elements must be met to establish tortious interference with contract: (1) the existence of a valid contract; (2) the defendant knew of the contract; (3) the defendant intentionally induced the third person not to perform the contract; (4) and in so doing, acted without justification; (5) resulting in damage to the Plaintiff).

-4-

Motion for Summary Judgment is GRANTED.

V. DEFENDANTS' MOTION TO STRIKE

Defendants' Motion to Strike Plaintiffs' Response Brief and Exhibits is DENIED because the statements fall within exceptions to hearsay and have been properly authenticated. Defendants moved to strike four main clusters of Plaintiffs' exhibits: (1) Singerson's Affidavit; (2) transcriptions of telephone calls between Singerson and various beach product vendors; (3) a handwritten transcription of Singerson's conversation with a vendor written by Derhy; (4) two purchase orders; (5) Plaintiffs' supplemental interrogatory responses; (6) the depositions of Derhy and Singerson.

Singerson's Affidavit: Exhibit 9

Defendants' Motion to Strike Exhibit 9 is DENIED because the affidavit was timely executed and filed, meets the requirements for an unsworn statement, inconsistencies with prior sworn statements have been explained, and the statements fall under exceptions to the hearsay rule. Defendants allege four problems with Exhibit 9: (1) that Exhibit 9 was untimely executed and filed; (2) that Exhibit 9 does not comply with the requirements for an affidavit or an unsworn statement; (3) that statements in the affidavit are inconsistent with prior sworn testimony by Singerson; and (4) that the statements in Exhibit 9 constitute inadmissible hearsay.

First, the affidavits were timely executed and filed because they were filed by an

-5-

opposing party before the hearing day.[8] Second, Exhibit 9 complies with the unsworn declaration requirements under 28 U.S.C. § 1746 and FED. R. CIV. P. 56(e).

Third, insofar as Singerson's affidavit is inconsistent with his deposition testimony, the affidavit will not be struck. If an affidavit is inconsistent with prior sworn testimony, the Court looks to see if there is "sufficient explanation."[9] Plaintiffs provided a sufficient explanation when Plaintiffs' counsel explained that the disconnect in the dates provided in the affidavit and Singerson's deposition were a clerical error on their part, which Singerson brought to counsel's attention, and which was not corrected due to an oversight on the part of Plaintiffs' counsel.

Fourth, the statements in Singerson's affidavit are not inadmissible hearsay because the statements by the vendors constitute present sense impressions[10] and because Singerson's recounting of those statements is not offered for the truth of the matter asserted, but rather for the purpose of authenticating the transcripts.

Accordingly, Defendants' Motion to Strike is DENIED because Plaintiffs' exhibits met the necessary statutory and evidentiary requirements.

Telephone Transcripts: Exhibits 10 through 15

Defendants' Motion to Strike is DENIED because the exhibits have been both properly authenticated and fall under hearsay exceptions. First, the exhibits were properly authenticated.

---

[8]Under Rule 56© of the Federal Rules of Civil Procedure, "an opposing party may serve opposing affidavits before the hearing day." The affidavits were served before the hearing day.

[9]*Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999).

[10]Discussed more thoroughly in Telephone Transcripts: Exhibits 10 through 15.

-6-

Although Exhibits 10 through 15 are not self-authenticating documents under F.R.E. 902, they have been authenticated by sufficient extrinsic evidence and are thus admissible. Defendants knew the transcripts were authentic because they picked the reporter who transcribed the conversations and because they provided the transcripts to Plaintiffs. Plaintiffs have also provided a Certification signed by the individual who transcribed the conversations. Thus, the transcripts have been sufficiently authenticated.

Second, the exhibits fall under exceptions to the hearsay rule. Defendants allege that the statements of the various vendors or the agents of the vendors constitute inadmissible hearsay. As Plaintiffs correctly point out, Defendants opened the door with the vendor affidavits. Through this doorway, Plaintiffs have the opportunity to explore statements of the vendors concerning the conduct of Defendants and their agents with respect to any misconduct that lead to vendors refusing to sell to Plaintiffs at least for the purpose of impeaching the statements of the vendors.

Even if Defendants had not opened the door, each layer of hearsay has been accounted for. There are two levels of hearsay: (1) the statement of either individual Defendants or Beach Mart to a vendor; and (2) the statement of the vendor to individual Plaintiffs.

First, the statement of either the individual Defendants or Beach Mart falls within the statement by party opponent exception to the definition of hearsay.[11] Second, the statements of the vendors to the individual Plaintiffs are not hearsay because they fall under the exception for

---

[11]F.R.E. 801(d)(2)(A) for individual Defendants and F.R.E. 801(d)(2)(D) for corporate Defendant.

then existing state of mind.[12] and the residual exception[13]. Statements are admissible under F.R.E. 803(3) if they show "the declarant's then existing state of mind... (such as intent, plan, motive)." The vendors provide the same basic reason that they will not sell to Plaintiffs: someone from Beach Mart told them not to. Each of the vendors' statements show either an intent not to sell to Plaintiffs at present, a plan to attempt to ease into selling to Plaintiffs in the future, and the motive behind their refusal to sell: Beach Mart's actions. Thus, the vendor statements are clearly admissible under F.R.E. 803(3).

Because Defendants opened the door and because each layer of hearsay has been accounted for, the statements of the vendors in Exhibits 10 through 15 are admissible. As such, Defendants' Motion to Strike Exhibits 10 through 15 should be DENIED.

Handwritten Note: Exhibit 19

Because the note was properly authenticated and fell under hearsay exceptions, Defendants' Motion to Strike is DENIED. First, the note was properly authenticated in Derhy's deposition. Within his deposition, Derhy testified under oath that he transcribed the conversation between Singerson and Fink "two to three minutes" after it took place. Second, the statement falls under the present sense impression exception to hearsay because it is a statement describing an event made immediately after Derhy perceived the event.[14]

---

[12] F.R.E. 803(3).

[13] F.R.E. 807.

[14] F.R.E. 803(1) (Note: the Advisory Committee Notes specifically state that "in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable").

Case 2:07-cv-00008-BO   Document 113   Filed 10/16/08   Page 8 of 9

Because the note was properly authenticated and falls within the present sense impression exception to the hearsay rule, it is admissible and Defendants' Motion to Strike is DENIED.

## II. Exhibits 3, 4 and 6

Defendants' Motion to Strike Exhibits 3, 4 and 6 is DENIED. Defendants move to strike Exhibits 3, 4 and 6 "as specified in more detail in the accompanying memorandum," but never go on to identify what portions they wish stricken. Exhibits 3 and 4 are Derhy's deposition and Exhibit 6 is Singerson's deposition. It is not up to the Court to search through depositions in an attempt to ferret out inadmissible hearsay. Accordingly, Defendants' motion to strike is DENIED.

SO ORDERED, this 15 day of October 2008.

_____
TERRENCE W. BOYLE

UNITED STATES DISTRICT JUDGE